Being unable to agree with the majority, I respectfully dissent.
While I agree with the majority regarding the overruling of appellant's first and second assignments of error, I disagree with the majority's conclusion that appellant has established some doubt with respect to the appellee's motives (relating to pretext) to the extent a genuine issue of fact is created thereby precluding summary judgment. The majority, in effect, concludes that summary judgment was inappropriate relating to appellant's claims of race discrimination based upon circumstantial evidence.
As referenced by the majority, the report from William Woods to appellee Russo was the basis for the commencement of the eviction action brought against appellant. There is a touch of judicial irony in the majority's decision in view of their reliance upon the case of Strader v. Johnson (Dec. 22, 1998), Franklin App. No. 98AP-202, unreported. The Strader case is highlighted due to its affirming of the burden on a plaintiff in establishing a prima facie case of discrimination. The last element required to be shown by a plaintiff states "the rental property remained available thereafter." Here, the appellant remained in the property for three years after the attempted eviction and ultimately vacated the premises of her own choice.
While it might be argued that someone could be a victim of discrimination in housing, even though they are not denied housing or evicted, it strains reason to conclude in this case that appellant suffered racial discrimination when there is: (1) no showing of direct discrimination; and (2) no showing of discrimination by circumstantial evidence since appellant has not been denied housing nor ousted from existing housing. It should also be noted that, while the Strader case affirms the elements necessary to establish a prima facie case of discrimination, it is otherwise factually distinguishable from the case sub judice as the tenant in Strader agreed to vacate the premises.
The majority does not give much attention to the fact that appellee advanced a nondiscriminatory reason for the initial eviction action and once the appellee, as a landlord, knew of the facts (as revealed upon hearing), took no further steps to remove appellant from the premises. And, as stated, appellant then remained in the premises, as a month-to-month tenant, for three years.
Appellant has apparently convinced the majority that since she did not believe the appellee (regarding reasons for the eviction action) his reasons were pretext. As opposed to the majority, I do not believe this mere contention by appellant creates a genuine issue of fact precluding summary judgment.
As stated in St. Mary's Honor Cntr. v. Hicks (1993), 509 U.S. 502:
 * * * [T]here is nothing whatever inconsistent between this statement and our later statements that (1) the plaintiff must show "both that the reason was false, and that discrimination was the real reason," * * *, and (2) "It is not enough to dis believe the employer," * * *. Even though (as we say here) rejection of the defendant's proffered reasons is enough at law to sustain a finding of discrimination, there must be a finding of discrimination. [Id. at 511, fn. 4. Emphasis sic.]
In the St. Mary's case, the plaintiff had the burden of establishing pretext. And, as correctly stated by appellee in its brief, "to meet that burden, Appellant must prove that the reason was false and that the real reason for the eviction action was discrimination." (Appellee's brief at 22.) The record here is totally inadequate to support such a finding.
The majority, by reversing the trial court, on the basis there has been established a prima facie showing of racial discrimination by circumstantial evidence, utilizes inadequate evidence to premise their conclusion and ignores the specific requirements that appellant must show appellee's actions were discriminatory. I would affirm the decision of the trial court and therefore dissent.